IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CAROL BANDY, *et al.*,

        \*

    Plaintiff(s),

        \*

    v.                                Civil Action No.  AW-08-3055

        \*

AMICA LIFE INSURANCE CO., *et al.*,

        \*

    Defendants.

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. No. 93), Defendant's Motion to Strike Designated Expert and Disclosure of Expert Testimony (Doc. No. 118), and Defendant's Motion to Strike the Declaration of Plaintiff's Expert and for Sanctions (Doc. No. 126). The Court previously held a hearing on February 3, 2010, with respect to the cross-motions for summary judgment in which the Court partially granted the motion in favor of Plaintiff as to $250,000.00 of the life insurance proceeds. The Court deferred ruling on whether this amount should go to Plaintiff Bandy individually or to her as trustee for the benefit of the minor children involved in this action. Moreover, the Court did not express a view as to the remaining $250,000.00 as it relates to the issue of the decedent's mental capacity. The Court believes that the parties have sufficiently argued the instant motions in their briefings and finds that no hearing is deemed necessary for the issues presently before the Court. *See* Local Rule 105.6 (D. Md. 2008). For the reasons articulated below, the Court DENIES Plaintiff's Partial Motion for Summary Judgment to the extent that it seeks to name Plaintiff Bandy as the legal recipient of $250,000.00 from the life insurance policy arising from the parties settlement agreement, and DENIES both of Defendant's pending motions.

1

**BRIEF FACTS**

Plaintiff Carol Bandy filed a complaint on November 14, 2008, seeking declaratory judgment that she is the rightful beneficiary of several of her deceased ex-husband's payable life insurance policies, in the Circuit Court for Montgomery County, Maryland. This case was removed to federal court pursuant to 28 U.S.C. § 1331 and § 1441. Plaintiff subsequently amended the complaint to add her minor children as Plaintiffs[1] and the deceased's brother, Jeffery Paulin, as a Defendant.[2]

Plaintiff and her deceased ex-husband, Steven Paulin, entered into a property settlement agreement (the "Agreement"), which was incorporated, but not merged, into the divorce decree.

The relevant portion of the Agreement states the following:

> Steve will carry $250,000.00 in life insurance and Carol will carry $150,000.00 in life insurance. Both policies will be maintained until the youngest child reaches age 24 or graduates from college, whichever comes first.
>
> Carol will be the beneficiary of Steve's life insurance policy until Steve's alimony obligation terminates and thereafter Carol will be named as trustee/beneficiary for the children. Steve will be named as the trustee for the children with respect to Carol's life insurance policy.

(Compl. ¶ 10.)

At the time Plaintiff and Steven entered into the Agreement, Steven possessed a New York Life Insurance Company policy ("New York Life Policy"), which he purchased in May 1997, in the amount of $250,000.00, designating Plaintiff as the beneficiary. On or about May 1, 2004,[3] Steven purchased another life insurance policy from Amica Life Insurance Company ("Amica Policy") in the amount of $500,000.00. Steven also designated Plaintiff as the

---

[1] In Plaintiffs' Second Amended Complaint (Doc. No. 89), dated June 2, 2009, Plaintiff appears for the first time to allege that she is suing as next of friend on behalf of her minor children.
[2] All parties except Defendant Paulin have been terminated from the case, although the Court still retains jurisdiction because the claim against him is an interpleader action pursuant to Federal Rules of Civil Procedure 22 and 28 U.S.C. § 1335(a) (2006).
[3] Defendant recalls this as being September 5, 2004.

2

beneficiary of the Amica Policy. On or about February 1, 2008, Steven canceled the $250,000.00 New York Life policy, which named Plaintiff as beneficiary. Subsequently, on or about February 8, 2008, Steven replaced the Amica Policy with another Amica life policy ("Amica II"). There appears to be only two differences between the Amica Policy and the Amica II policy. First, the Amica II policy names Steven's brother, Jeffery F. Paulin as beneficiary. Second, the Amica II policy reduced the annual premium from $915.00 to $530.00.

On September 23, 2008, Steven committed suicide. Thereafter, Amica determined that that the death benefit was payable and deposited with this Court the $500,000.00 policy benefit at issue in this action. The Plaintiff asserts that the Agreement entitles her to $250,000.00 in her individual capacity. Additionally, Plaintiff claims that she is entitled to the remaining $250,000.00 because Steven lacked mental capacity when he canceled the Amica Policy naming Plaintiff as beneficiary and purchased the Amica II policy that named the Defendant as beneficiary. Conversely, Defendant contends that he is entitled to the entire $500,000.00, or in the alternative, as made clear in the first hearing, that Plaintiff Bandy is only entitled to $250,000.00 as trustee for the children.

## ANALYSIS

**I. Plaintiff's Motion for Partial Summary Judgment**

Both parties have conceded that there are no genuine issues of material fact on the question of whether the Agreement entitles Plaintiffs to $250,000.00 of the life insurance proceeds, but the dispute revolves around whether this amount belongs to Plaintiff Bandy or the minor children. After the hearing on the cross-motions for summary judgment, the court appointed independent counsel to represent the minor children with respect to whether Plaintiff Bandy or the minor children are the legal recipients of the proceeds. The court appointed counsel reports that his interpretation of the settlement agreement at issue, by its plain language,

clearly demonstrates that $250,000.00 of the life insurance proceeds belongs to the minor children and for their mother to act as trustee. Specifically, appointed counsel argues that the language of paragraph twenty-one (21), which provides that Steven shall carry a $250,000.00 life insurance policy naming Plaintiff Bandy as beneficiary until the deceased's alimony obligation terminates and then as trustee for the children, and paragraph three (3), which states that alimony ends upon the death of either Plaintiff Bandy or Steven, when read in conjunction, clearly demonstrate that Plaintiff Bandy should only receive the money as trustee. Plaintiff Bandy argues that the language of the Agreement shows that the intent of the parties was for the life insurance policy to secure Steven's payment of his obligation to provide her with rehabilitative alimony for a period of five years until she obtained full-time employment as a licensed architect, remarried, or died. Any other reading, Plaintiff Bandy contends, would result in her never receiving the insurance benefit from policies on which she was named the beneficiary.

However, as Defendant correctly argues and this Court agrees, under Maryland law, alimony obligations terminate upon the death of either party, unless they agree otherwise. Md. Code. Ann. Fam. Law § 11-108(1) (West 2006). Here, the language of paragraph three unquestionably states that alimony obligations end at the death of either Plaintiff Bandy or Steven. Moreover, as Defendant points out, paragraph twenty-one of the settlement agreement required Plaintiff Bandy and Steven to carry reciprocal life insurance policies demonstrating that the purpose of the life insurance provision was to provide for the children. There is no language in the settlement agreement supporting Plaintiff's contention that the provision concerning life insurance was to secure payment of rehabilitative alimony. Instead, the Court finds that the plain language of the settlement agreement provides that $250,000.00 of the life insurance proceeds

4

belongs to the children as the legal recipients and that Plaintiff Bandy is to act as trustee.[4] Accordingly, the Court denies Plaintiff's Motion for Partial Summary Judgment to the extent that it seeks to declare that Plaintiff Bandy is the legal recipient of $250,000.00 of the life insurance proceeds arising from the settlement agreement.

## II. Defendant's Motion to Strike Designated Expert and Disclosure of Expert Testimony and Motion to Strike the Declaration of Plaintiff's Expert and for Sanctions

The remaining issue in this case is Plaintiff's claim that Steven lacked mental capacity when he canceled the $500,000.00 Amica policy that named Plaintiff as beneficiary on February 1, 2008, and purchased the Amica II policy on February 8, 2008, naming the Defendant as beneficiary. Defendant seeks to strike the Plaintiff's designation and disclosure of Ronald W. Maris as an expert offered in support of the Plaintiff's mental capacity issue because Plaintiff did not make her expert disclosure until months after the Court ordered deadline for such disclosures expired. It is unquestionable that Plaintiff's designation and disclosure of her expert witness on March 29, 2010, is well beyond the Court ordered August 3, 2009, deadline for expert disclosures and the October 15, 2009, deadline for completion of discovery. However, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party who fails to make disclosures as required under Rule 26(a) is not permitted to use such witness or evidence at trial "unless the failure was substantially justified or is harmless." District court judges have "broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The district court is granted "wide latitude" in deciding whether to grant Rule 37(c)(1) sanctions given the potential that the failure to make timely Rule 26 disclosures has to inhibit the opposing party's opportunity to adequately prepare, to "unnecessarily prolong[] litigation," or to otherwise

---
[4] In terms of distribution, the Court is inclined to leave the $250,000.00 insurance proceeds designated for the children in the Court's interest bearing registry pending resolution of the remaining issues, including any award/assessment of attorney's fees to the court appointed independent counsel for the minor children.

5

undermine the "court's management of the case." *Saudi v. Northrop Grunman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005). Notwithstanding the potential disruption of the case's progression, the purpose of the reporting requirement in Rule 26 "is to prevent an ambush at trial." *Michelone v. Desmarais*, 25 Fed. Appx. 155, 158 (4th Cir. 2002). To this end, courts rely on a five-factor test in determining whether or not a late Rule 26 disclosure is harmless or otherwise substantially justified, namely:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc.*, 318 F.3d at 596.

The Court believes that allowing the late disclosure is largely harmless in this matter. As the Defendant has acknowledged, Plaintiff has asserted her claim that the deceased lacked mental capacity to cancel the life insurance policy at issue as early as December 2008 when she filed her Amended Complaint for Declaratory Judgment and Injunctive Relief. Thus, Defendant is not surprised by Plaintiff's designation of an expert on this issue. In fairness, the Court will reopen discovery on the limited issue of Steven's mental capacity to allow Defendant to depose Plaintiff's expert and to designate his own. The Court acknowledges Defendant's admonition that prolonging discovery in this case would result in increased costs associated with this litigation; however, further discovery on this narrow issue will not disrupt the trial of this case because no trial date has been set. Moreover, as the Fourth Circuit established, "the genesis of interpleader is equity," and this Court finds that it may use its broad discretion on discovery matters to extend discovery on this limited issue to facilitate the equitable resolution of Plaintiff's interpleader claim against Defendant. *See Humble Oil & Ref. Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir. 1968) (explaining that the court may use "remedial flexibility" in

interpleader cases). Without an expert, the Plaintiff is essentially unable to assert her claim on the mental capacity issue, and the Court believes that she should have the opportunity to present her claim. Accordingly, the Court will permit Plaintiff's late disclosure and designation of an expert witness. Finally, as Plaintiff correctly argues, the gate keeping function of Rule 702 of the Federal Rules of Evidence carries less significance in a bench trial, as is the case here. *Larosa v. Pecora*, No. 1:07CV78, 2009 WL 3460101, at *3 (W.D.W. Va. 2009) (citing *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)). The Court declines Defendant's request to strike the declaration of Plaintiff's expert and will make determinations about the qualifications of the proffered expert when necessary. Therefore, the Court denies both of Defendant's motions.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff Bandy's Motion for Partial Summary Judgment to the extent that it seeks to entitle Plaintiff Bandy to $250,000.00 of the life insurance policy in her individual capacity and holds that the minor children are the legal recipients of this amount with Plaintiff Bandy acting as trustee. The Court further DENIES Defendant's Motion to Strike Plaintiff's Expert Designation and Disclosure and Motion to Strike the Declaration of Plaintiff's Expert and for Sanctions. A separate Order shall follow.

| June 4, 2010 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
| | United States District Court Judge |